# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

VANESSA BUSS,

            Plaintiff,                      Case No. 6:23-cv-01128-AA

              v.                        **OPINION & ORDER**

PEACEHEALTH,

            Defendant.

_____

AIKEN, District Judge:

      Plaintiff brings a religious discrimination claim against her former employer, Defendant PeaceHealth, under Title VII of the Civil Rights Act of 1964 and ORS § 659A.030.   Plaintiff also alleges discrimination based a disability under ORS § 659A.112, and the Americans with Disabilities Act, 42 U.S.C §12101 *et seq*. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the religious discrimination claims only.   ECF No. 6.   For the reasons stated below, Defendant's Motion is GRANTED.   Plaintiff's claims for religious discrimination are DISMISSED.

## BACKGROUND

### I.    Plaintiff's Untimely Response

As an initial matter, at the time Defendant's motion was filed, Plaintiff was represented by Janzen Legal Services, LLC, counsel of which failed to timely respond to Defendant's motion to dismiss.  Defendant filed its motion to dismiss on October 27, 2023.  Without moving for an extension of time, Plaintiff filed a Response on November 17, a week late.  See *Resp.*, ECF No. 8.  The Court granted Plaintiff leave to file a sur-reply, in which Plaintiff asks for an extension of time for good cause.  Sur-Reply, ECF No. 12.  Plaintiff cites a paralegal's "calendaring error," and asserts that the delay is minimal, and that excusable neglect exists.  Sur-Reply at 1-2.

The Court does not find convincing at all Plaintiff's argument that a paralegal's calendaring error was excusable neglect by counsel.  However, the Court finds that Defendant would not be unduly prejudiced by the Court's acceptance of Plaintiff's Response.  Principally, the Court finds it appropriate to move this case along and decide Defendant's motion on the merits without further delay.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (finding no prejudice from delay and that decision on merits is strongly favored).

### II.    Factual Background

Tribulations of the Covid-19 pandemic are well known.  Responding to the threat of widespread infection, in August 2021, the Oregon Health Authority ("OHA") issued a rule requiring all Oregon healthcare providers and staff to either be fully vaccinated against COVID-19 or comply with its process for documenting a religious

or medical exception to the vaccines.  OAR 333-019-1010.  According to Plaintiff's
Complaint, Plaintiff has worked at PeaceHealth for approximately 10 years.  Compl.
¶ 5.  Plaintiff was promoted several times in her tenure at PeaceHealth; her final
position—and her position at the onset of the pandemic—was Lead Quality
Professional for the hospital. Id. During the pandemic, Plaintiff further served as
Community Liaison, where "she was exposed to the harsh realities of the pandemic
on a day-today basis, including the risk that she may become infected with the virus."
Id. ¶¶ 5, 9-10.

   During the Summer of 2021, PeaceHealth notified its employees that it would
be implementing and enforcing a vaccine requirement in compliance with OHA's rule
requiring healthcare workers to either be fully vaccinated or undergo weekly testing
for COVID-19 by September 30, 2021.  Compl., ¶ 12-23.  On August 25, 2021, OHA
amended the temporary rule to remove the testing option and required all healthcare
workers to be fully vaccinated or have a documented medical or religious exception
in place by October 18, 2021.  *Id.* ¶ 12.  Around August 23, 2021, Plaintiff filed the
formal paperwork for a religious exception.  *Id.* ¶ 13.  Plaintiff alleges that she also
filed a request for a medical exception due to her serious medical condition.  *Id.*¶ 14.

   On or about August 31, 2021, Defendant approved Plaintiff's request for a
religious and medical exception.  *Id.* ¶ 15.  Defendant then placed Plaintiff on unpaid
administrative leave.  *Id.*  Plaintiff alleges, upon information and belief, that at least
one unvaccinated person was allowed to work in a department where others who
resigned, or were terminated, "due to the mandate."  *Id.* ¶ 16.

### III.    Lawsuit

Plaintiff filed this suit on August 2, 2023.  Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and ORS 659A.030 for discrimination based on her religion.   Plaintiff also alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and ORS § 659A.112 for discrimination based on unidentified medical condition. Compl. ¶¶ 24–28, 31–35, 38–40, 37-2, 38-2 to 42-2.[1]  According to her Complaint, Plaintiff sought a religious exception because: "As a deeply spiritual person, [she] had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." *Id.* ¶ 13.  Plaintiff contends that being placed on unpaid administrative leave was an adverse employment action discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. *Id.* ¶ 20.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  A motion to dismiss under Rule 12(b)(6) will be granted if a

---

[1]    Immediately following Paragraph 40, Plaintiff's Complaint reverts to paragraph number 37. As a result, the Complaint contains duplicate paragraph numbers 37, 38, 39, 40, 41, and 42. For purposes of its Motion to Dismiss, the Court refers to those duplicates as 37-2, 38-2, 39-2, 40-2, 41-2, and 42-2.

plaintiff alleges the "grounds" of their "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Defendant PeaceHealth moves to dismiss Plaintiff's claims on the basis that they have failed to state plausible claims for religious discrimination under Title VII and Oregon law.

To establish religious discrimination under Title VII based on a failure to accommodate theory, a plaintiff must plead that: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of

her inability to fulfill the job requirement. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). Plaintiffs' state-law claims are analyzed the same way. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.") (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n. 2 (9th Cir. 1993); *Winnett v. City of Portland,* 118 Or. App. 437, 847 P.2d 902, 905 (1993)). Defendant's motion to dismiss argues that Plaintiffs fail to plead facts sufficient to establish the first element.

Regarding establishing a bona fide religious belief in conflict with an employment duty, "[a] religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)).

The court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n. 3 (9th Cir. 2021) (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 138 S. Ct. 1719, 1731 (2018)). While the burden to allege a conflict between religious beliefs and an employment duty is "minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). In addition, the court must distinguish between conflicts that are "rooted in religious belief" as opposed to ones based on "'purely secular' philosophical

concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).

In support of Defendant's argument that Plaintiff failed to plead a bona fide religious belief in conflict with its COVID-19 vaccine mandate, Defendant cites to numerous cases inside and outside of this district which have addressed the question of what allegations are sufficient to establish a sincere religious belief in conflict with an employment duty in the context of religious exemptions to COVID-19 vaccine and testing mandates.

In reviewing the case law, this District has noted that these cases generally fall into three categories: (1) those in which plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief. *See Prodan v. Legacy Health*, No. 3:23-CV-01195-HZ, 2024 WL 665079, at *3 (D. Or. Feb. 12, 2024) (so explaining).

The Court finds that Plaintiff's allegations fall into the third category. As noted, Plaintiff's basis for her religious exception is that:

> As a deeply spiritual person, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body.

Compl. ¶ 13. In the third category of cases, there appears to be disagreement among courts addressing motions to dismiss when plaintiffs allege a religious belief and a statement that obtaining the Covid-19 vaccine conflicts with that

belief. *Prodan*, 2024 WL 665079, at *4.  For example, in *Kather v. Asante Health Sys.,* No. 1:22-CV-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023), one of the plaintiffs alleged that "Satan is at work with the whole forceful COVID-19 mandate" and that she had the "God-given right to refuse a vaccination that goes against everything [she] believe[s] in."  Judge McShane explained that "[d]espite not articulating her religious conflict with great clarity and precision, it can be inferred that [the plaintiff's] religious-based hostility toward the COVID-19 mandate informs a religious opposition to receiving a COVID-19 vaccine." *Id.*

However, in *Ruscitti v. Legacy Health*, the plaintiff alleged that "[a]s a devout Christian, [she] had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." No. 3:23-CV-00787-JR, 2023 WL 8007620, at *1 (D. Or. Sept. 27, 2023), *report and recommendation adopted*, No. 3:23-CV-00787-JR, 2023 WL 8006269 (D. Or. Nov. 16, 2023).  The court there reasoned that plaintiff's claim of a religious conflict was conclusory and failed to allege a religious opposition. Id. at *3.

Similarly, in *Trinh v. Shriners Hospitals for Children*, No. 3:22-cv-01999-SB, at *19 (D. Or. October 23, 2023), the plaintiff's stated basis for a religious exception was nearly identical to that Plaintiff asserts in this case. There, the plaintiff alleged "serious objections to taking the vaccine because it

would constitute violating her bodily integrity and tainting the purity of her body." *Trinh*, No. 3:22-cv-01999-SB, at *16 (quoting *Trinh* Compl., ¶¶ 6, 10).

Judge Beckerman concluded that the plaintiff failed to "allege facts that plausibly suggest that these 'bodily integrity' and 'purity' objections 'address fundamental and ultimate questions having to do with deep and imponderable matters, are comprehensive in nature, and are accompanied by certain formal and external signs.'" *Trinh*, No. 3:22-cv-01999-SB, at *20 (quoting *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017). Accordingly, the court found that the plaintiff "had not plausibly alleged facts showing that her anti-vaccination beliefs are religious in nature and protected by Title VII." *Id.* Defendants point the Court to Trinh, asserting that it applies here.

Plaintiff responds, first, citing *Keene v. City & Cnty. of S.F.*, 2023 WL 3451687, No. 22-16567 (9th Cir. May 15, 2023). Plaintiff argues that the sincerity of a religious belief should generally be presumed. *See Response* at 5–6. Defendant points out that, the dispute in *Keene*, however, centered on the sincerity of the plaintiff's religious beliefs, not—as here—whether the plaintiff's anti-vaccination beliefs are religious in nature. *See Keene*, 2023 WL 3451687, at *1–2 (discussing the district court's erroneous finding as to the "bona fide religious belief" element of a religious discrimination claim, which evaluates the sincerity of the plaintiff's religious beliefs).

The Court agrees, that, if a plaintiff has plausibly alleged facts showing that her anti-vaccination beliefs are religious in nature, the Court should generally presume those religious beliefs are sincerely held. A plaintiff, however, still must allege sufficient facts to establish their sincere anti-vaccination beliefs are religious in nature. The Court finds Trinh persuasive and applicable. Plaintiff's allegations are accordingly not sufficient to survive Defendant's motion to dismiss. *See Trinh*, 2023 WL 7525228, at *10 (conclusory "'bodily integrity' and 'purity' objections" insufficient to plead religious belief on motion to dismiss); *see also Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 ("'[T]hreadbare reference[s]' to religious beliefs [are] insufficient at the motion to dismiss stage.").

Plaintiff asserts that her case is distinguishable because Defendant granted her religious exception. According to Plaintiff's allegations, that an exemption was granted may be evidence that Defendant viewed her request as legitimate (or at least arguably legitimate) when they granted it, at the height of soaring Coving-19 infections. But there are no allegations demonstrating that Defendant is precluded them from arguing that Plaintiff's basis for a religious exception fails a motion under Rule 12(b)(6). Accordingly, Defendant's motion is granted as to Plaintiff's employment discrimination claims.

CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED. Plaintiff's employment discrimination claims under Title VII of the Civil Rights Act of 1964 and ORS § 659A.030 are DISMISSED with prejudice. Plaintiff's remaining claims are those for discrimination based a disability under ORS § 659A.112, and the Americans with Disabilities Act, 42 U.S.C §12101 *et seq.* The Parties are ORDERED to (1) confer about next steps in this case and (2) contact the Court to schedule a Telephonic Status Conference to apprise the Court of an appropriate schedule to move the case forward.

It is so ORDERED and DATED this  26th day of August 2024.


                                    /s/Ann Aiken
                                   ANN AIKEN

                             United States District Judge